*163 OPINION of the Court, by
Judge Logan.
.This is a suit in chancery enjoining a judgment in ejectment, and praymg a decree tor the land upon two grounds *. 1st. Che alleged superior equitable title; and 2dly. Upon the award of arbitrators to whom the dispute had’ beca submitted.
... , , . , . , , . W ita tegaru to the complainant s equity derived from the yauduy of his chums, we are of opinion, that the entries are so extiemdv defective in point of certainty and . ' , . 1 „ , j. precisioo, that a rormai investigation ot them is untie-cessary. They cannot be supported upon any rule of construction consistent with law or the general princi- , .. . , ,, ... , „ ° , r pies ot equity. We will therefore proceed ay once to .consider tire case as founded on the award.
The dispute submitted, was the interference between iUrake s-and Moore s claims.
it appears from the complainant’s own shewing, that ⅜-he had do power over that part of Drake’s claim which Interfered with Hendrick’s pre-emption. For he states in his bill, that he purenased of Drake one third of his claim; that Robert Johnston had purchased the other two thirds ; and that he then purchased of Johnston, before the making of the award, all his interest in the claim, except so much as interfered with Hendrick’s pre-emption, which had before beca sola to Simon ...Kenton.
*164 The principal part of the interference between Drake?# and Moore’s claims, is covered by Hendrick’s pre-emp-ti(jR. While the submission therefore was co-extensive with the interference between Drake’s and Moore?§ claims, the material interference with Hendrick’s pre-empdon, rendered the submission unfair and not mutual. For if the award had been against Drake’s claim, Moore would have gained but little by the arbitration. He would still have had the greater part of it to oppose and contend with ; although the submission was intended to have a final determination of the dispute between those claims.
Thus whilst submitting the fate of his claim to arbitration, for the purpose of putting an end to controversy and quieting his right with Drake’s claim ; contrary to expectation, but a part ol Drake’s could be acted on ; and thereby the main inducement to arbitrate, if even he succeeded, would not be attained.
If therefore, in other respects, the complainant ought to have a specific execution of the award, this unequal, unfair and irreciprocal submission, must bar his right to that recovery.
Again it appears in the cause, that the complainant, after the award was made out, sold and conveyed a part of the land lying within Moore’s claim, and which by the award could not be held by Drake’s, when surveyed as the arbitrators directed it to be.
Although the complainant had another distinct title to this piece of land, as well as his claim under Drake, and which he did not bring into the submission together with Drake’s claim, yet it is a circumstance that ought to operate materially against his application to chancery for a specific execution of the award. He submits one claim in order to obtain a speedy a ad final determination of right: but he seems to have reserved another for a different purpose.
So that the decision of the arbitrators would not finally settle tke dispute between the parties relative to the subject matter in controversy ; and in this respect would operate unequally and unjustly upon the appellee.
The submission was to three arbitrators : but the award is signed by two only. This would be a fatal objection to the object of this suit, unless special and peculiar circumstances, under a subsequent confirmation/ of, and an acquiescence in the award, should redeeni-it *165 from the objection. The court is not satisfied, that the conduct of the parties in this instance creates this exception. But be this as it may, the agreement of the appellee to carry the award into complete effect, as is alleged, and his acquiescence therein, it is strongly to he presumed, were previous to his knowledge of the appellant’s want of power to arbitrate the whole of Drake’s claim, and of the sale of a part of the land which had been submitted as lying within the interference between Drake’s and Moor’s claims, and which it was decided Drake’s claim ought not to take ; and therefore ought not to prejudice the appellee. Objections to the form of the award, and its uncertainty, we deem unnecessary to decide on; conceiving that the complainant upon the equity of his case, waiving all such objections, is not entitled to the relief he asks. — —Decree affirmed, &c.